[No. 20512.  In Bank. — August 3, 1889.]

THE PEOPLE, RESPONDENT, *v.* GEORGE W. STEWART, APPELLANT.

CRIMINAL LAW — LARCENY — FELONIOUS INTENT. — EVIDENCE. — The evidence reviewed and held to show that the money for the larceny of which the defendant was convicted was taken by him merely for safekeeping, and without any felonious intent.

APPEAL from a judgment of the Superior Court of Colusa County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*T. J. Hart,* for Appellant.

*Attorney-General Johnson,* for Respondent.

PATERSON, J.—The defendant was convicted of grand larceny, and the only question presented for our consideration is, whether the evidence is sufficient to support the verdict. The bill of exceptions (which is a model in form and conciseness) shows the following state of facts: On the thirtieth day of June, 1888, the prosecuting witness, Bryan, was lying on a bench in the shade of a porch at Orland. Some horses which were tied to the porch

became frightened, and threw him out into the street. He was picked up by the defendant, and escorted to the latter's room, across the street. Bryan lay down upon the bed in the room, desiring to sleep. The defendant asked him if he had any money on his person. Bryan replied that he had the sum of $180. The defendant said that as there was a circus in town that day, some-body might come along and take it. Bryan testified that the defendant said he would put the money under his (Bryan's) head, and raised the pillow as if he were putting it there. The defendant testified that he told Bryan that he would take care of his money, and Bryan said "all right"; that he took the money, and placed it on deposit with a friend. When Bryan awoke, about three o'clock in the afternoon, he discovered that his money was gone. He made inquiries for the defendant, and learned that he had gone to Germantown. He thereupon made complaint against defendant, and pro-cured his arrest on a charge of grand larceny. As soon as the defendant had deposited the $180 for safe-keeping with his friend, he borrowed $10 from one Maupin, and a like sum from Sweeney, and took a horse and buggy, which he had engaged several days before, and started for Germantown, a village ten or twelve miles distant from Orland, telling the friends from whom he borrowed the money that he would return that night or the next morning. It appears without contradiction that the defendant had been intending for several days to go to Germantown that day. As soon as the friends of the defendant heard that Bryan was accusing him of larceny, they sent him a dispatch, which he received at Germantown. Upon receipt of this telegram, he immediately started to return to Orland. On his way back to Orland he met the constable, and told him that he had Bryan's money on deposit with a friend, and if the latter would go with him he would get the money and pay it over, which was done. It appears that the defendant and

Bryan had been friends for some time, and that on one occasion Bryan said to the defendant that he had three thousand dollars on his person, and would like to have him (defendant) look out for him. It appears, also, that on one occasion Bryan had lent defendant a small sum of money.

The only conflict there is in the evidence is upon the question whether the defendant placed, or pretended to place, the money under the pillow, as claimed by Bryan, or whether he took it out of the room without pretending to place it under the pillow, and deposited it as claimed by defendant; and this portion of Bryan's testimony is the only evidence in the case which in any way tends to show a felonious taking of the money by defendant. Taken altogether, the evidence is entirely consistent with the claim of defendant that he took it as the friend of Bryan for safe-keeping, believing that, as the room was not locked, and as there were a great many strangers in town that day, some one might enter the room and take it away from Bryan while the latter was sleeping. Every act of the defendant subsequent to the taking of the money from the person of Bryan is indicative of fair and honest dealing. The fact that he went from Orland to Germantown immediately thereafter is explained by the fact that such visit had been contemplated for several days. It is not disputed that the money was placed in the hands of defendant's friend for safe-keeping. As soon as the defendant was notified that he was wanted in Orland, he started to return, and when met by the constable, immediately informed him where the money was, and promptly and voluntarily offered to return it. The evidence is not sufficient, we think, to produce a conviction in an unprejudiced mind that there was any felonious taking of the money by defendant, and the verdict must have been the result of passion and prejudice. Even in civil cases, "that evidence is deemed satisfactory which ordinarily produces

moral certainty or conviction in an unprejudiced mind. Such evidence alone will justify a verdict. Evidence less than this is denominated 'slight evidence.'" (Code Civ. Proc., sec. 1835.) As stated before, the only evidence tending in any way to show a felonious taking is that of the prosecuting witness, in which he says that the defendant pretended to place the money under his pillow. The most that can be said in support of the verdict is, that the evidence tending to show guilt is "slight evidence." Judgment and order reversed.

BEATTY, C. J., WORKS, J., McFARLAND, J., FOX, J., SHARPSTEIN, J., and THORNTON, J., concurred.

Rehearing denied.